RICHARD M. BARNETT, Esq.
Attorney at Law
#65132
105 West F Street, 4th Floor
San Diego, CA 92101
Telephone: (619) 231-1182

Attorney for Petitioner
ELISEO JIMENEZ

F**ORIGINAL**
FILED

07 DEC 19 AM 11:44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 2375 JAH AJB

| | |
|---|---|
| IN RE PETITION OF ELISEO JIMENEZ RELEASE OF SEIZED 2007 CHEVROLET AVALANCHE TRUCK, VIN NUMBER 3GNEC12J17G138443<br><br>ELISEO JIMENEZ,<br><br>　　　　　Petitioner. | Case No.<br><br>**PETITION OF ELISEO JIMENEZ FOR RELEASE OF SEIZED VEHICLE** |

The Petitioner, ELISEO JIMENEZ, by and through his counsel, and pursuant to Title 18, United States Code, Section 983(f)(3)(A), hereby petitions this Court for the release of his 2007 Chevrolet Avalanche Truck during the pendency of administrative and/or judicial forfeiture proceedings.

### STATEMENT OF THE CASE

On August 23, 2007, petitioner's vehicle was seized by law enforcement officers in Fallbrook, California in connection with a marijuana trafficking investigation. On or about October 15, 2007, petitioner Eliseo Jimenez filed his Seized Asset Claim Form for recovery of his 2007 Chevrolet Avalanche (see exhibit "A" attached hereto.) On or about November 22, 2007, petitioner filed his Hardship Petition pursuant to Title 18, States Code, Section 983(f)(3)(A), with the Drug Enforcement Administration (see exhibit "B" attached hereto). On or about December 4, 2007, that petition was denied by the Drug Enforcement Administration (see exhibit "C" attached hereto). This Petition follows.

1

## STATEMENT OF THE LAW

On August 23, 2002, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) went into effect. One of the main elements of the statute provides for the what is often referred to as a Hardship Release, a provision for the release of property during the pendency of the forfeiture proceedings. The 'release' provisions are found in Title 18, United States Code, Section 983(f), which provides as follows:

**(f)    RELEASE OF SEIZED PROPERTY**

**(1)** A claimant under subsection (a) is entitled to immediate release of seized property if -

**(A)**  the claimant has a possessory interest in the property;

**(B)** the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

**(C)** the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

**(D)**  the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

**(E)** none of the conditions set forth in paragraph (8) applies.

In his petition to the DEA, Mr. Jimenez met all of the above requirements. He set forth and documented he is the registered owner of the vehicle. [18 U.S.C. § 981(f)(1)(A)] (See Exhibit "B"). He further established his community ties by explaining he is a United States citizen and has been a resident of San Diego, California since birth. [18 U.S.C. § 981(f)(1)(B)]. He also explained the continued possession by the government pending final disposition of forfeiture proceedings will cause substantial hardship to him for the following reasons. At the time he filed his administrative petition, he was unemployed and is still currently unemployed. He needs his vehicle to travel to various job interviews, some of which cannot be planned ahead. He resides in the outskirts of Fallbrook and therefore it is impracticable for him to rely on public transportation. Additionally, he needs his vehicle for the ordinary necessities of life, including going to the grocery store, doctor's appointments, etc. [18 U.S.C. § 981(f)(1)(C)]. Finally, he demonstrated that likely hardship from the continued possession by the Government of the vehicle outweighs the risk the vehicle will be destroyed, damaged, lost or transferred

if it is returned to him during the pendency of the proceedings. Insurance has always been maintained on the vehicle and will continue to be maintained should the vehicle be released. (See Exhibit "B" attached). [18 U.S.C. § 981(f)(1)(D)]. Nevertheless, the DEA denied his Petition, claiming (1) he could go 'rent or lease' a car and (2) the seized vehicle was purchased or maintained with drug proceeds and this showed a risk the vehicle "will be destroyed, damaged, lost, concealed or transferred" if returned to petitioner.

As to the DEA's first claim, that petitioner can go "rent/lease" a vehicle, the agency fails to provide any explanation as to how he's supposed to do so when he has no income. There are few if any leasing agencies that are in the habit of entering into leases for vehicles when the lessee has no income. Furthermore, the agency fails to explain what Mr. Jimenez is supposed to do with his "leased" vehicle when and if he recovers the seized vehicle in this case. As to the agency's second argument, that the vehicle may not be available at the end of the case, petitioner would note the following. First, the agency has provided no evidence the vehicle was purchased or maintained with drug proceeds. Second, as set forth in his administrative petition, petitioner has insurance on the vehicle and thus the government's interests are fully protected.

In spite of Mr. Jimenez clearly demonstrated hardship arising from the seizure of the vehicle, the DEA has failed to return the vehicle. Congress has provided a remedy for this situation. Title 18, United States Code, Section 983(f)(3)(A) provides:

> If not later than 15 days after the date of a request under paragraph (2) the property has not been released, the claimant may file a petition in the district court in which the complaint has been filed or, if no complaint has been filed, in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized.

18 U.S.C. Section 983(f)(5) further provides:

> The court shall render a decision on a petition filed under paragraph (3) not later than 30 days after the date of the filing, unless such 30-day limitation is extended by consent of the parties or by the court for good cause shown.

18 U.S.C. Section (f)(6) goes on to require the following:

> If -
>
>> (A) a petition is filed under paragraph (3); and
>>
>> (B) the claimant demonstrates that the requirements of paragraph (1) have been met, the district court **shall** order that the property be returned to the claimant, pending completion of

proceedings by the Government to obtain forfeiture of the property. (emphasis added).

Mr. Jimenez has met all of the above requirements. He has filed the petition under 18 U.S.C. Sections 983(f)(1) and (2), he had demonstrated that the requirements of paragraph (f)(1) have been met. Under these circumstances the statute calls for the court ordered release of the vehicle to him during the pendency of the forfeiture proceedings.

If the court grants this petition, the court may enter any order necessary to ensure that the value of the property is maintained while the forfeiture action is pending, including (1) permitting the inspection, photographing, and inventory of the property; (2) fixing a bond in accordance with Rule E(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and (3) requiring the claimant to obtain or maintain insurance on the subject property. While it is petitioner's contention no bond is necessary in this case, he has no objection to permitting the inspection, photographing and inventory of the vehicle, nor requiring him to continue maintain insurance on the vehicle.

## CONCLUSION

Mr. Jimenez needs his vehicle so he can drive to potential job sites, job interviews and the ordinary necessities of life. The DEA's response to his administrative petition flies in the face of the intention of the statute, which was to provide redress for those with hardships. He has clearly demonstrated a need for the return of the vehicle.

For the foregoing reasons, it is respectfully submitted this court should order the release of Mr. Jimenez's vehicle to him during the pendency of administrative and/or judicial forfeiture proceedings.

Dated: <u>December 19, 2007</u>

Respectfully submitted,

_____
RICHARD M. BARNETT

Attorney for Petitioner
ELISEO JIMENEZ

4


## **PROOF OF SERVICE**

I, RICHARD M. BARNETT, do hereby state:

That I am a citizen of the United States, over the age of eighteen years, and not a party to the within action.

That my business address is 105 West F Street, 4th Floor, San Diego, California.

That on December 19, 2007, I deposited in the United States Mail, in San Diego, California, in the above-entitled action, in an envelope bearing the requisite postage: Petition of Eliseo Jimenez for Release of Seized Vehicle to the office of the following individuals:

Mary Lundberg
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street
San Diego, CA 92188

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of December, 2007, at San Diego, California.

RICHARD M. BARNETT

EXHIBIT A

# SEIZED ASSET CLAIM FORM

Asset ID No. Unknown

**I hereby request that the Government file a Complaint for Judicial Forfeiture of the seized property described below. I have filled in all three parts, as required.**

PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

One 2007 Chevrolet Avalanche.

PART II

State your interest in each item of property listed above. Provide any documents that support your claim of interest, such as titles, registrations, bills of sale, receipts, and so forth. Attach additional sheets of paper if more space is needed.

I have an ownership interest in the seized vehicle.

PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

ELISEO JIMENEZ                         October 15, 2007
Name (Print)                           Date

_[signature]_
Signature

*A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.*

# HARDSHIP PETITION
## [18 U.S.C. Section 983(f)(1)]

Seizure No: 07-DEA-490024

I petition for the release of my vehicle pursuant to Title 18, United States Code, Section 983(f)(1) based on the following facts:

(A)   I am the registered and legal owner of the vehicle;

(B)   I have sufficient ties to the community to provide assurance that the vehicle will be available at the time of trial. I am a United States citizen and have been a resident of San Diego County since my birth.

(c)   The continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to me for the following reasons. I am currently unemployed. I need my vehicle to travel to various job interviews, some of which cannot be planned ahead. I live in the outskirts of Fallbrook and therefore it is impracticable for me to rely on public transportation. Additionally, I need the vehicle for the normal necessities of life.

(D)   The likely hardship from the continued possession by the Government of the vehicle outweighs the risk the vehicle will be destroyed, damaged, lost or transferred if it is returned to me during the pendency of the proceedings. Insurance has always been maintained on the vehicle and will continue to be maintained should the vehicle be released.

Dated: November 15, 2007

ELISEO JIMENEZ

**EXHIBIT C**



**U. S. Department of Justice**
Drug Enforcement Administration

---

*www.dea.gov*

DEC - 4 2007

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Richard M. Barnett
Attorney at Law
105 West F Street, 4th Floor
San Diego, CA  92101-6087

RE:  DEA Case No.:         RV-07-0023
     DEA Asset I.D. No.:   07-DEA-490024
     Property:             2007 Chevrolet Avalanche Truck
                           (VIN: 3GNEC12J17G138443)
     Client/Petitioner:    Eliseo Jimenez

Dear Mr. Barnett:

     The Drug Enforcement Administration, Asset Forfeiture Section, is in receipt of your client's request, dated November 15, 2007, for the release of the above-referenced seized vehicle during the pendency of the forfeiture proceeding due to hardship.

     Pursuant to Title 18, United States Code (U.S.C.), Section 983(f), a claimant is only entitled to immediate release of seized property if it has been established that <u>all</u> of the conditions set forth in Title 18, U.S.C., Section 983(f)(1)(A)-(E) have been met.  A review of the case file and your client's request reveals that he has failed to meet the requirements for being granted an immediate release of the property.  Specifically, he failed to demonstrate the substantial hardship that will result if the vehicle is not returned pending the conclusion of the judicial action.  His assertion of hardship fails to consider that other alternative modes of transportation (e.g. rental/lease) are readily available for use.  In addition, evidence exists showing that the referenced vehicle was purchased and/or maintained with proceeds of illegal narcotics trafficking.  This, along with your client's prior drug history, to include the large amount of marijuana found at the residence where the vehicle was seized, shows that the risk that the vehicle will be destroyed, damaged, lost, concealed or transferred if returned to him during the pendency of the forfeiture proceeding outweighs any hardship cited by him.

490024                                                                                                                  Page 2


      For the above reasons, then, your client's request for the release of the vehicle during the pendency of the forfeiture proceeding due to hardship is denied. This decision is final and no further requests for hardship release will be considered.

                                              Sincerely,

                                              John J. Cipriani       12/03/07
                                              Senior Attorney
                                              Asset Forfeiture Section

```
           UNITED STATES
           DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

          # 145712     - BH

         December 19, 2007
             11:44:51


            Civ Fil Non-Pris
    USAO #.: 7CV2375 CIVIL FILING
    Judge..: JOHN A HOUSTON
    Amount.:                  $350.00 CK
    Check#.: BC# 213


       Total-> $350.00


    FROM: CIVIL FILING
          JIMENEZ V. USA
```

JS-44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

ELISEO JIMENEZ

**DEFENDANTS**

UNITED STATES OF AMERICA

'07 CV 2375 JAH AJB

FILED
07 DEC 19 AM 10:44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Richard M. Barnett
105 West F Street, 4th Floor
San Diego, CA 92101
(619) 231-1182

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
■ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Petition for Release of Seized Vehicle
18 USC 983(f)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ■ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

■ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ■ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ___ Docket Number ___

DATE 12-19-07

SIGNATURE OF ATTORNEY OF RECORD

PAID $350 12/19/07 BY 12009 # MS712