KAREN P. HEWITT
United States Attorney
DAVID M. McNEES
Special Assistant U.S. Attorney
California State Bar No. 216612
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5979
E-mail: david.mcnees@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PETITION OF ELISEO JIMENEZ FOR RELEASE OF SEIZED 2007 CHEVROLET AVALANCHE TRUCK, VIN 3GNEC12J17G138443 <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil No. 07cv2375-JAH(AJB) <br><br> GOVERNMENT'S RESPONSE AND OPPOSITION TO PETITION OF ELISEO JIMENEZ FOR RELEASE OF SEIZED VEHICLE <br><br> Date: <br> Time: <br> Ctrm: |

Comes now the Respondent, United States of America, by and through its counsel Karen P. Hewitt, United States Attorney, and David McNees, Special Assistant United States Attorney, and respectfully submits the Government's Response and Opposition to the Petition of Eliseo Jimenez for the release of the above-captioned 2007 Chevrolet Avalanche truck during the pendency of administrative and/or judicial forfeiture proceedings.

I

STATEMENT OF THE CASE

On August 22, 2007, San Diego County Sheriff deputies executed a Fourth Amendment waiver search at a residence on Olive Hill Road In Fall brook, California. Detectives knew that Eliseo Jimenez ("Jimenez" or "Petitioner") and Melissa Archambault ("Archambault") lived at the residence, even though Jimenez had not reported the residence to his probation officer. Officers were aware that probationers often do not report new addresses, in order to conceal criminal activity. Jimenez was subject to Fourth Amendment waiver search conditions as a result of being on felony probation for a

prior marijuana sales case. As deputies approached the residence in uniforms which identified them as police officers, they observed Jimenez and another male running away from the residence.

During the search of the residence, deputies located $23,120.00 in U.S. Currency, to which a narcotics K-9 positively alerted, and an electronic money counter. In the garage of the residence deputies observed about 20 large black trash bags which contained smaller clear plastic bags of marijuana. Two duffel bags containing smaller bags of marijuana were also found. There was a total of 196 pounds of high-grade marijuana found in the garage. Also in the garage, deputies located a wallet containing identification for Jimenez, an electronic scale, and a loaded .25 caliber pistol.

Once finished at the residence, deputies contacted Archambault, who claimed Jimenez stays at the house once or twice every couple of weeks. The deputies knew this to be a false statement because they had watched this residence, as well as the residence at which he was supposed to be living. Inside the house were numerous items of dominion and control for Jimenez, as well as male clothing and shoes in his size. Archambault also claimed not to know anything about the large amount of cash in her walk-in closet, or the large amount of marijuana found in her garage. She knew the money had been there for a couple of days; however, she said she did not know where it had come from and she had not asked Jimenez about it.

Deputies then searched the three vehicles located in the driveway. In a green Jeep Cherokee registered to an unknown man, deputies located a bag of marijuana on the passenger side floorboard and an electronic scale on the passenger seat. The narcotics trained K-9 gave a positive alert outside the vehicle as well. A 2003 Audi Quattro Sedan was also found in the driveway, and $1,200.00 in U.S. Currency was located in its trunk. Jimenez had been observed driving the Audi on numerous occasions. The narcotics trained K-9 also made an alert on the outside of this vehicle. A 2007 Chevrolet Avalanche which Archambault drove was also in the driveway. Deputies had not observed Jimenez driving this vehicle. The title for the Avalanche, in Jimenez' name, was located inside the residence. Archambault had paid for this thirty-thousand-dollar vehicle with a $29,020.00 check, despite not having any record of employment.

Jimenez turned himself into deputies the following day after contacting his attorney. He pled guilty on October 11, 2007 to possessing marijuana for sale.

On August 23, 2007, a Notice of Seizure was issued by the Drug Enforcement Administration ("DEA"). On October 15, 2007, Jimenez filed his Seized Asset Claim Form, and on November 22, 2007, he filed his Hardship Petition. That Petition was denied on December 4, 2007, by the DEA. On December 19, 2007, Jimenez filed the instant petition for the release of his vehicle. On December 21, 2007, the Court issued an order directing the DEA and the United States to respond to Jimenez' petition.

## II

### PETITIONER FAILS TO SATISFY THE REQUIREMENTS OF TITLE 18, UNITED STATES CODE, SECTION 983(f)

Title 18, U.S.C. Section 983(f) provides in pertinent part:

    (f)    RELEASE OF SEIZED PROPERTY

    (1)    A claimant under subsection (a) is entitled to immediate release of seized Property if -

    (A)    the claimant has a possessory interest in the property;

    (B)    the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial;

    (C)    the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

    (D)    the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

    (E)    none of the conditions set forth in paragraph (8) applies.

In his petition to the Court, Jimenez failed to meet all of the above-mentioned requirements. Although Petitioner has stated that he has sufficient ties to the community because he has lived here his entire life, this does not ensure that the property will be available at the time of trial. Petitioner's clear disregard of the authority of law enforcement officers, his probation officer, and the Court leads the Government to doubt his compliance with any court orders. Petitioner was on felony probation for a similar offense which involved the transportation of narcotics in a vehicle when the events leading to the forfeiture allegations were committed. He had given false information regarding his residence in order to avoid detection of criminal activities. His criminal activity involved the use of a car in which

1  he was observed driving numerous times, although he was not observed driving the vehicle he now
2  claims.  He ran from law enforcement officers when they attempted to contact him for a compliance
3  check. All of these occurrences lead the Government to doubt the likelihood that Petitioner will follow
4  court orders and produce the vehicle when so ordered. As stated in U.S.C. § 983(f)(8)(D), the property
5  should not be returned if it is likely to be used to commit additional criminal acts if returned to the
6  claimant.  Petitioner has previously demonstrated both his propensity to use a vehicle to conduct a
7  narcotics operation and to disregard a courts order not to do so.

8       Further, Petitioner's reliance on 18 U.S.C. § 981(f)(1)(C) fails to demonstrate a hardship.
9  Petitioner does not provide any specific details of his alleged job interviews. Another vehicle, a green
10 Jeep Cherokee, was present at Petitioner's residence when deputies arrived.  It appears this vehicle was
11 also used to transport narcotics, and Petitioner was able to obtain the use of that vehicle.  Also, it
12 appears Petitioner has gained access to another vehicle, a 2002 Nissan Altima, registered to Melissa
13 Clear.  On five occasions within a week's time agents have observed this vehicle parked in front of
14 Petitioner's residence.  One of these times was at 7:10 a.m.; others were late morning and early
15 afternoon.  These occasions included weekdays, as well as a weekend day.  Melissa Clear also has
16 another vehicle registered in her name.  It is the Government's belief that the Petitioner has gained
17 access to this vehicle to travel to job interviews if required to, and take care of life's necessities.
18 *United States v. $6,787.00 in US Currency,* 2007 WL 496747, at 2 (N.D. Ga.2007), is pertinent to the
19 issue of the Petitioner's having access to other vehicles.  In that case the claimant was a car salesman
20 and had access to multiple cars, but the theory and logic is relevant to this petition.  Petitioner clearly
21 has gained access to a vehicle, and therefore does not meet the hardship standard.

22      Citing 18 U.S.C. § 981(f)(1)(D), Petitioner contends  that the "likely hardship" outweighs the
23 risk that the vehicle will be destroyed, damaged, lost or transferred if it is returned to him because
24 Petitioner promises to insure the vehicle if it is released to him.  Because the Petitioner has failed to
25 demonstrate any hardship, reliance on subsection (D) is misplaced. Petitioner clearly cannot be trusted
26  in his assertions to the Court that the vehicle will not be used to break the law, and that the vehicle will
27 be available at the conclusion of this case.
28 //

III

CONCLUSION

Jimenez fails to demonstrate any hardship consistent with applicable law that justifies the return of the vehicle pending forfeiture proceedings, fails to ensure that the vehicle won't be used in additional criminal activity, and fails to ensure that the vehicle would be produced as ordered.  The Petition should be denied because there is a likelihood that Jimenez will use it to commit additional criminal acts.  The Government opposes the release of the vehicle and requests the Court deny the Petition.

Dated:  January 18, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

  s/ David M. McNees

DAVID M. MCNEES
Special Assistant U.S. Attorney
E-mail: david.mcnees@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PETITION OF ELISEO JIMENEZ ) <br> FOR RELEASE OF SEIZED ) <br> 2007 CHEVROLET AVALANCHE ) <br> TRUCK, VIN 3GNEC12J17G138443 ) <br> _____ ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>            Respondent. ) <br> _____ ) | Case No. 07cv2375-JAH(AJB) <br><br> CERTIFICATE OF <br> SERVICE |

IT IS HEREBY CERTIFIED that:

I, David M. McNees, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S RESPONSE AND OPPOSITION TO PETITION OF ELISEO JIMENEZ FOR RELEASE OF SEIZED VEHICLE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

1.    Richard M. Barnett, Attorney for Petitioner Eliseo Jimenez

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2008.

                                        s/ David M. McNees
                                        DAVID M. McNEES