UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PETITION OF ELISEO JIMENEZ RELEASE OF SEIZED 2007 CHEVROLET AVALANCHE TRUCK, VIN NUMBER 3GNEC12J17G138443 <br><br> ELISEO JIMENEZ, <br><br> Petitioner. | Civil No. 07CV2375 JAH(AJB) <br><br> **ORDER GRANTING PETITION FOR RELEASE OF SEIZED VEHICLE** |

On December 19, 2007, petitioner Eliseo Jimenez ("petitioner") commenced this action seeking release of his seized vehicle pursuant to 18 U.S.C. § 983(f)(3)(A). The United States filed its response and opposition to the petition on January 18, 2008.[1] For the following reasons, the Court **GRANTS** the instant petition and **ORDERS** that the subject vehicle be released to petitioner immediately.

## BACKGROUND

Petitioner's vehicle, a 2007 Chevrolet Avalanche Truck, was seized by law enforcement officers on August 23, 2007, in connection with a marijuana trafficking investigation. Petitioner subsequently filed a claim seeking recovery of the vehicle on October 15, 2007, in which petitioner requested the government file a complaint for judicial forfeiture and, on November 22, 2007, petitioner filed a hardship petition with

---

[1] Although petitioner was directed to file a reply by February 1, 2008, this Court deems the filing unnecessary and issues its order in petitioner's favor prior to its receipt.

the Drug Enforcement Administration ("DEA"), which was denied on December 4, 2007. The instant petition followed.

## **DISCUSSION**

**1.    Legal Standard**

The Civil Asset Forfeiture Act of 2000 ("CAFRA") contains a provision for release of seized assets during the pendency of judicial forfeiture proceedings based on a showing of hardship. *See* 18 U.S.C. § 983(f). Section 983(f)(1) provides that a claimant is entitled to immediate release of seized property if: –

> (A) the claimant has a possessory interest in the property;
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial;
> (C) the continued possession of the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
> (E) none of the conditions set forth in paragraph (8) applies.

18 U.S.C. § 983(f)(1). If the claimant meets the requirements of Section 983(f)(1), the court "shall order that the property be returned to the claimant, pending completion of proceedings by the Government to obtain forfeiture of the property." 18 U.S.C. § 983(f)(6). Upon granting a petition pursuant Section 983(f)(1),

> (A) the court may enter any order necessary to ensure that the value of the property is maintained while the forfeiture action is pending, including –
> (i) permitting the inspection, photographing, and inventory of the property;
> (ii) fixing a bond in accordance with rule E(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and
> (iii) requiring the claimant the obtain and maintain insurance on the subject property; and
> (B) the Government may place a lien against the property or file a lis pendens to ensure that the property is not transferred to another person.

18 U.S.C. § 983(f)(7).

//

//

### 2. Analysis

Petitioner contends he meets all of Section 983(f)(1)'s requirements. *See* Pet. at 2. Specifically, petitioner states he is the registered owner of the vehicle thereby establishing a possessory interest in it. Petitioner further states that he is a United States citizen and a resident of San Diego, California since birth demonstrating he has sufficient ties to community. Id. Petitioner claims hardship because he lives in "the outskirts of Fallbrook" which makes it "impracticable for him to rely on public transportation," is unemployed and needs his vehicle to travel to job interviews as well as for the ordinary necessities of life, such as for grocery shopping and doctor's appointments. Id. Petitioner contends the hardship to him significantly outweighs the risk of destruction, loss, damage, concealment or transfer of the vehicle, considering that insurance has been, and will continue to be maintained on the vehicle. Id. at 2-3. Thus, petitioner contends all of Section 983(f)(1)'s requirements are met thereby necessitating a court order for release of the vehicle. Id. at 3-4.

The government disagrees that petitioner has met all requirements for release of the vehicle and attempts to paint a different picture of petitioner and the circumstances surrounding the seizure of the subject vehicle. However, the government has presented no evidentiary support, such as declarations or documents attesting to the facts presented by counsel for the government, to contradict petitioner's claims. This Court finds the government's arguments lack support in the record and, thus, must be disregarded. Based on the representations attested to by petitioner in his petition and exhibits thereto, this Court finds that petitioner has met the requirements for immediate release of his seized vehicle.

Section 983(f)(7) allows this Court to issue any order it deems appropriate to ensure the value of the vehicle is maintained pending judicial forfeiture proceedings. *See* 18 U.S.C. § 983(f)(7). Petitioner does not object to an order permitting the inspection, photographing and inventory of the vehicle, nor an order requiring him to continue to maintain insurance on the vehicle as suggested in the statute, petitioner contends that the

posting of a bond is not necessary in this case. Pet. at 4. This Court, however, finds that the posting of a bond will ensure that the value of the vehicle will be maintained until completion of judicial forfeiture proceedings.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The instant petition for release of seized vehicle is **GRANTED**;

2. The 2007 Chevrolet Avalanche Truck, VIN Number 3GNEC12J17G138443, shall immediately be **RELEASED** to petitioner pending the completion of judicial forfeiture proceedings against the subject vehicle subject to the following conditions:

   A. The government is permitted to inspect, photograph and inventory the subject vehicle no more than two times per month as it deems appropriate;

   B. Petitioner shall continue to maintain adequate insurance on the subject vehicle to ensure the value of the vehicle;

   C. Petitioner shall post a bond in the amount of 10% of the value of the vehicle or $3,000, whichever is less; and

   D. The government is permitted to place a lien on title for the vehicle.

Dated:   January 28, 2008

JOHN A. HOUSTON
United States District Judge

4

07cv2375